## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST; and JOHN FULTZ as a Fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>J.M. MARTINAC SHIPBUILDING CORPORATION; J.M. MARTINAC REAL PROPERTIES, LLC,<br><br>Defendants. | Civil Action No. |

## COMPLAINT

Plaintiffs Boilermaker-Blacksmith National Pension Trust (the "Pension Fund") and John Fultz, as a fiduciary of the Pension Fund (collectively, the "Plaintiffs"), file the following Complaint against Defendants J.M. Martinac Shipbuilding Corporation ("Martinac Shipbuilding") and J.M. Martinac Real Properties, LLC ("Martinac Real Properties"; collectively "Defendants"):

## REQUEST FOR PLACE OF TRIAL

1. Pursuant to District of Kansas Rule 40.2, Plaintiffs request that trial be held in Kansas City, Kansas.

## NATURE OF THE ACTION

2. Plaintiffs bring this action under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381–1405 and 1451, to compel Defendant Martinac Shipbuilding, a former contributing employer, as well as Defendant Martinac Real Properties, a member of Martinac Shipbuilding's "controlled group," to pay withdrawal liability.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502(e)(2) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(c).

4. Venue lies in this District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Pension Fund is administered in this district.

**PARTIES**

5. The Pension Fund is an employee benefit pension plan within the meaning of 29 U.S.C. § 1002(3) that maintains its principal place of business at 754 Minnesota Avenue, Kansas City, Kansas 66101.

6. The Pension Fund is a multi-employer pension plan within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to Section 302(c)(5) of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S.C. § 186(c)(5).

7. The Pension Fund is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

8. Plaintiff John Fultz is a fiduciary of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9. The Pension Fund is administered within this judicial District.

10. Upon information and belief, Defendants Martinac Shipbuilding and Martinac Real Properties are Washington corporations which, at all relevant times, maintained their principal places of business at 2902 N. 27th Street, Tacoma, Washington 98407.

11. Upon information and belief, Defendant Martinac Real Properties was part of the Martinac Shipbuilding "controlled group" pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## **BACKGROUND**

12.	At all relevant times, the Pension Fund was a third-party beneficiary to collective bargaining agreements between Martinac Shipbuilding and the Puget Sound Metal Trades Council and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, Local 104 (the "Agreements").

13.	Under the Agreements, Defendant Martinac Shipbuilding was obligated to report and submit contributions for each hour of covered work performed by its employees to the Pension Fund.

14.	On July 18, 2014, Defendant Martinac Shipbuilding permanently ceased all covered operations under the Agreements, thereby completely withdrawing from the Pension Fund, within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a). As a result of its complete withdrawal from the Pension Fund, Defendant Martinac Shipbuilding became liable for withdrawal liability in the amount of $693,688.

15.	In accordance with Sections 4202 and 4219 of ERISA, 29 U.S.C. §§ 1382 and 1399, the Pension Fund sent Martinac Shipbuilding and Martinac Real Properties a Withdrawal Liability Notice & Demand dated April 17, 2018 (the "Demand Letter"), attached as **Exhibit A**, stating that:

   a.	Defendant Martinac Shipbuilding triggered a complete withdrawal from the Pension Fund, within the meaning of Section 4203 of ERISA, 29 U.S.C. § 1383;

   b.	The amount of withdrawal liability attributable to Defendant Martinac Shipbuilding is $693,688;

   c.	Defendant Martinac Real Properties is jointly and severally liable for the $693,688 amount of withdrawal liability attributable to Defendant Martinac Shipbuilding pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1);

   d.	Defendants could discharge the withdrawal liability by making either (i) a lump sum payment to the Pension Fund in the amount of $693,688; or (ii) 24 equal monthly payments of $29,265.41 each, followed by a final monthly payment of $22,978.59; and

e.	Defendants' first payment was due within 60 days from such Defendants receipt of the Demand Letter (*i.e.*, on or before June 18, 2018);

16.	<u>Defendants failed to make their first monthly payment under the schedule contained in the Demand Letter by June 18, 2018.</u>

17.	By letters dated June 25, 2018 and July 20, 2018 (the "Default Letters"), attached as **Exhibit B,** the Pension Fund notified Defendants that they failed to make payments to the Pension Fund as required by the Demand Letter and, if such failure was not cured within 60 days (*i.e.*, on or before August 25, 2018), the Pension Fund would file a federal lawsuit to collect the withdrawal liability, plus all accrued interest, attorneys' fees, liquidated damages, and costs.

18.	Defendants failed to cure their delinquency on or before the August 25, 2018 deadline.

19.	Defendants' failure to cure constitutes a default pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), meaning that the Pension Fund is entitled to immediate payment of the total amount of such Defendants' withdrawal liability, plus accrued interest on the total outstanding liability from the due date on the first payment which was not timely made. Furthermore, Defendants did not serve a Request for Review under Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), within 90 days of its receipt of the Demand Letter (*i.e.*, on or before July 17, 2018).

20.	Defendants have therefore waived their right to dispute Plaintiff's assessment of withdrawal liability.

21.	Because Defendants have not made paid their withdrawal liability to the Pension Fund in accordance with the payment schedule, they are also deemed delinquent under Section 515 of ERISA, 29 U.S.C. §1145, by virtue of Section 4301(b) of ERISA, 29 U.S.C. § 1451(b).

22.	In turn, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to liquidated damages on the delinquent withdrawal liability payments (which, per the Pension Fund's Trust Agreement, is 10% of the principal); interest on the

delinquent withdrawal liability payments as determined by using the rate provided under the plan (which, per the Pension Fund's Trust Agreement, is 12% annually on both the principal and liquidated damages); and reasonable attorneys' fees and reasonable costs.

### COUNT I

### Withdrawal Liability Against Martinac Shipbuilding and Martinac Real Properties Pursuant to ERISA §§ 4221(b)(1) and 4301(a)(1), 29 U.S.C. §§ 1401(b)(1) and 1451(a)(1)

23. The Pension Fund repeats the foregoing allegations as if fully set forth.

24. Pursuant to Sections 502(g)(2), 515, 4001(b)(1), 4221(b)(1) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145, 1301(b)(1), 1401(b)(1), and 1451(b), Defendants Martinac Shipbuilding and Martinac Real Properties are jointly and severally liable to the Pension Fund for withdrawal liability in the amount of $693,688, plus accrued interest, the greater amount of interest or liquidated damages, and reasonable attorneys' fees and costs incurred by the Pension Fund.

WHEREFORE, Plaintiffs Boilermaker-Blacksmith National Pension Trust and John Fultz, as a fiduciary of the Boilermaker-Blacksmith National Pension Trust, demand judgment against Defendants Martinac Shipbuilding and Martinac Real Properties for withdrawal liability in the amount of $693,688, plus accrued interest, the greater amount of interest or liquidated damages, and reasonable attorneys' fees and costs incurred by the Pension Fund.

Respectfully submitted,

**TUCKER ARENSBERG, P.C.**

*/s/ Neil J. Gregorio*
Neil J. Gregorio, Esquire
KS ID No. 28000
PA ID No. 90859
ngregorio@tuckerlaw.com
Scott R. Leah, Esquire
PA ID No. 57564
sleah@tuckerlaw.com
Brian A. Pepicelli, Esquire
PA ID No. 316605
bpepicelli@tuckerlaw.com

- 6 -

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Plaintiffs Boilermaker-Blacksmith National Pension Trust and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust